Lacy Davis, III, Plaintiff,
Fed. Reg. #17348-016
FCI-Fairton-Satellite Camp
P.O. BOX 420
Fairton, New Jersey 08320

Clerk of Court
United States District Court
For The District Of Columbia
U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001

Case 1:07-cv-00201-RMC
DAVIS v. FEDERAL BUREAU
OF PRISONS.

May 28, 2007

**RECEIVED**

JUN 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Dear Clerk of Court:

This letter is a formal request for your office to remove page 19 of my Administrative Procedure Act complaint and replace it with the Page 19 attached to this letter due to it corrects the typing error made by me in foot note 3 of my original page 19 submitted and filed with the Court(see lines 4 - 6 of foot note 3). I did not add any new legal argument or claims in the attached page 19. I just made a clarification in foot note 3, lines 4 - 6.

-1-

Thank you for your time in this matter it will be greatly appreciated.

Sincerly,

_____
LACY DAVIS, Pro Se

## CERTIFICATE OF SERVICE

This is to certify pursuant to Title 28 U.S.C. § 1746, that I have on this __28__ day of May 28, 2007, served a copy of the foregoing upon the below-listed party by placing the same in the FCI Fairton Satellite Camp Institution prison mail box, addresses as follows:

| | |
|---|---|
| Federal Bureau of Prisons<br>320 First Street, N.W.<br>Washington, D.C. 20534 | Harley G. Lappin, Dicrector<br>Federal Bureau of Prisons<br>320 First Street, N.W.<br>Washington, D.C. 20534 |

_____
Lacy Davis,III,#17348-016
Plaintiff, Pro Se.

3621(e)(5)(A), for each eligible non-violent federal prisoner regardless of where the Bureau chose to designate as the place of imprisonment (i.e., whether maintained by the Federal Government or otherwise).[3] See Supra, at 16 - 17; See also Anderson v. Yungkau, 329 U.S. 482, 485 (1947)("The word 'shall' is ordinarily 'The language of command'"); Exportal Ltda. v. United States, 902 F.2d 45, 50 (D.C. Cir. 1990)("The word 'shall' generally indicates a command that admits of no discretion on the part of the person instructed to carry out the directive.").

As indicated above, Congress did not intend the term

---

[3]     This fact is supported by Congress's choice to insert the last sentence in subsection (b) of statute 18 U.S.C. § 3621----mandating that the BOP provide substance abuse treatment while exercising its authority to transfer a prisoner. 18 U.S.C. § 3621(b).
   Furthermore, before the enactment of BOP program statement § 5330.10, Congress intended to grant eligible federal prisoners access to drug treatment(and provide incentives to those eligible prisoners who successfully completed a program that matches the treatment required by 3621(e)(5)(A)), whether maintained by the Federal Government or Otherwise; and no where in the plain language of 18 U.S.C. § 3621(as a whole), did Congress intend to end this pratice.
   The Bureau before enacting regulation 28 CFR § 550.58(b)(2), understood this conclusion reached above. "Eligible inmates who previously completed a residential drug abuse treatment program (**or which matches the treatment required by statute**) must notify the institutions drug abuse coordinator via request to staff in order to be considered for early release." 28 CFR § 550.58(b)(2); See also Goldstein v. S.E.C., 451 F.3d 873, 878 (D.C. Cir. 2006)("...words of the statute should be read in context, the statutes place in the overall statutory scheme should be considered, and the problems Congress sought to solve should be taken into account to determine whether Congress has forclosed the agency's interpretation.")(citing PDK Labs, Inc. v. DEA, 362 F.3d 786, 796 (D.C.Cir.2004)("PDK I")(internal quotation marks omitted).