IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LACY DAVIS, III,         )<br>      Plaintiff  )<br>                          )<br>v.                        )<br>                          )<br>BUREAU OF PRISONS, et al. )<br>      Defendants. )<br>                          ) | Civil Action No. 07-0201(RMC) |

### PLAINTIFF'S RESPONSE TO DEFENDAMT'S MOTION TO DISMISS AND ACCOMPANYING MEMORANDUM OF POINTS AND AUTHORITIES

**COMES NOW**, Plaintiff Lacy Davis, III, acting pro se, and hereby respectfully submit this <u>Response</u> to the defendant's Motion to dismiss and accompanying Memorandum of Points and Authorities. According to D.C. Circuit law the failure of Plaintiff's response to the defendant's dispositive motion may result in the district court granting the motion and dismissing the case. See <u>Fox v. Strickland</u>, 837 F.3d 507, 509 (D.C. Cir. 1998).

For the reasons set forth below, the Plaintiff respectfully request that the Court dismiss the defendant's dispositive motion and accompanying Memorandum of Points and

-1-

**RECEIVED**

JUL 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Authorities, and set trial date.  A proposed Order consistent with the Relief Sought herein is attached.

### BACKGROUND

On June 18, 2007, in the above captioned case, the defendant's filed a motion to dismiss or, in the alternative transfer case to another venue(with accompanying memorandum of points and authorities).  Further background of the case can be referred to Plaintiff's complaint. See Compl. at 4 - 12.

### **ARGUMENT**

A.  **COURT HAS SUBJECT MATTER JURISDICTION**

  1.  **18 U.S.C. § 3625 DOES NOT PRECLUDE THE COURT FROM INTERPRETING STATUTE 18 U.S.C. § 3621(b) and 18 U.S.C. § 3621(e)(5)(A) TO DETERMINE WHETHER THE BOP EXCEEDED IT'S STATUTORY AUTHORITY**

Plaintiff asserts that this Court has subject matter jurisdiction over his complaint because therein he only challenges the BOP's <u>Rules</u> that were used in making its decision to deny Plaintiff credit for his time spent at the New Beginning program and admission into the two remaining component's of the BOP's RDAP program. See Compl. at 10.

Specifically, Plaintiff raised a challenge to the BOP's interpretation of the term "Residential Substance Abuse Treatment" set forth in 18 U.S.C. § 3621(e)(5)(A). See Compl. at 12 - 23. Plaintiff further challenged the Bureau's interpretation on the grounds that its definition of the term "Residential Substance Abuse Treatment" as meaning only treatment at Federal prisons renders the statutory phrase "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner..." set forth in 18 U.S.C. § 3621(b) meaningless or void. See Id. 14 - 20; See also, Infra at    .

Moreover, Plaintiff raised a statutory question to the Court whether statute § 3621(b) confers a duty on the Bureau to make available the two remaining components of the BOP's Residential Drug Abuse Program to Plaintiff including the BOP's incentives program. See Compl. at 23 - 31.

It appears that the defendant's failed to acknowledge in its dispositive motion to the Court the focus and entire discussion in Fristoe v. Thompson, 144 F.3d 627, 631 (10th Cir. 1998), which was that statute § 3625 does not preclude this Court from interpreting a statute. Thus, the defendants reliance on Fristoe to dismiss Plaintiff's complaint is misplaced. See Fristoe, 144 F.3d at 631("While § 3625 may preclude us from reviewing the BOP's substantive decision in appellant's case, it does not prevent us from interpreting the statute to determine whether the BOP exceeded its statutory authority.")(citations

omitted); See also Landry v. Hawk-Sawyer, 123 F. Supp.2d 17, 19 (D.D.C. 2000)("...'[t]he [federal] courts ... have responsibility to resolve issues of statutory construction.'  The Court therefore finds that it has jurisdiction to review Plaintiff's claims under the Administrative Procedure Act.")(citations omitted).[1]

### 2. THERE IS LAW TO APPLY IN 18 U.S.C. § 3621(b) TO ALLOW JUDICIAL REVIEW MAKING 5 U.S.C. § 701(a)(2) NOT APPLICABLE TO THE INSTANT CASE

In the defendant's Memorandum of Points and Authorities in support of it's Motion to Dismiss or, in the alternative transfer venue(hereinafter "Def. Mem."), they relied on Section § 701(a)(2) to support it's reasoning that Plaintiff's complaint should be dismissed. See Def. Mem. at 5.

Plaintiff asserts that the defendant's reliance on § 701(a)(2) in the instant matter is misplaced for the following reasons set forth below.

Here, Plaintiff raised in his complaint sufficient

---

[1] The question of whether Congress intended the term "residential substance abuse treatment" set forth in § 3621(e)(5)(A) to be defined as only encompassing federal prison treatment facilities has not been reached by any court among the many circuit's and thus this issue is a matter of first impression. "The judiciary is the final authority on issues of statutory construction." Chevron, U.S.A. Inc., v. Natural Resources Defense, 467 U.S. 837, 843 n.9 (1984); Neal v. United States, 516 U.S. 284, 295 (1996)(SAME).

law to apply as to allow judicial review. See Compl. at 12 - 30.  In Plaintiff's complaint he argued that statute 3621 under Title 18 as a whole is written in a manner that Congress limited the defendant's discretion by obligating the Bureau to make available appropriate substance abuse treatment for each non violent federal prisoner regardless of the prisoners place of imprisonment i.e., whether maintained by the Federal Government or otherwise. See Id. at 12 - 23.

As discussed above, the pertinent statute states "[t]he Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise..." 18 U.S.C. § 3621(b).  The statute further states, "The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." Id.[2]   The sub section (b) of § 3621 does limit the Bureau's discretion and does provide specific direction to the BOP to make available appropriate substance abuse treatment by Congress's

---

2

    The Bureau in the instant matter determined that Plaintiff had a treatable condition of substance addiction or abuse on November 18, 2003. See Compl. at 8.  Plaintiff successfully completed the BOP's 40-hour non-residential drug abuse program based on the Bureau's recommendation for further treatment. See Id. at 8.  Plaintiff continued his drug treatment and successfully completed a 756 hour residential drug abuse program. See Id.

inclusion of the word "shall" therein. Id. "The word 'shall' is ordinarily 'The language of command.'" ANDERSON v. YUNGKAU, 329 U.S. 482, 485 (1947); Exportal Ltda. v. United States, 902 F.2d 45, 50 (D.C. Cir. 1990)("The word 'shall' generally indicates a command that admits of no discretion on the part of the person instructed to carry out the directive.").

Therefore, Plaintiff avers that the Court in the instant matter should find that there is sufficent law to apply under § 3621(b) "as to allow judicial review." GREENWOOD UTILITIES COM'N v. HODEL, 764 F.2d 1459, 1464 (11th Cir. 1985).

### 3. A VICTORY IN THIS LITIGATION WOULD NOT ENTITLE PLAINTIFF TO ANY CHANGE IN THE DURATION OF HIS CONFINEMENT DUE TO HE HAS NOT COMPLETED THE TWO REMAINING COMPONENTS OF THE BOP'S RDAP PROGAM INCLUDING TRANSITIONAL TREATMENT

Plaintiff must successfully complete all three components of the BOP's RDAP program before he can ever be considered for early release. See Def. Mem. at foot note 1, page 2. Here, plaintiff only completed the first component. See Compl. at 25. Infact, the defendant's are not even giving Plaintiff credit for the first component. See Def. Mem. at 5 - 10.

Plaintiff's contentions is simply whether the defendants must credit his successful completetion of the New Beginnings 756-Hour residential drug abuse program because it's treatment matches that set by Congress in § 3621(e)(5)(A) and meets the first components requirement's set by the BOP in

P.S. § 5330.10, Chapter 5, Section 5.2.1(1). See Compl. at 12 - 28. And if so, whether statute § 3621(b) obligates the Bureau to make available to plaintiff the remaining two components of the BOP's RDAP program including incentive programs? See Compl. at 28 - 30.

Plaintiff's complaint may have been inartfully drawn especially in paragraph (6) of the Relief Sought Section wherein he mistakenly forgot to include that that relief sought therein is based on Plaintiff's successful completion of the two remaining components of the BOP's RDAP program set forth in P.S. § 5330.10, Chapter 5, Section 5.2.1(2)&(3)(1996). But nevertheless, Plaintiff avers the Court should liberally construe his complaint inorder to reach his statutory construction issues raised therein. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); See also Compl. at 33.

B.   **THE BOP DID ACT ARBITRARILY AND CAPRICIOUSLY**

    1.   **THE BOP EXPANDED THE SCOPE OF THE TERM "RESIDENTIAL SUBSTANCE ABUSE TREATMENT" BEYOND THE DEFINITION SET BY CONGRESS UNDER 18 U.S.C. § 3621(e)(5)(A) WHICH RENDERS THE STATUTORY LANGUAGE SET FORTH IN 18 U.S.C. § 3621(b) MEANINGLESS**

In Plaintiff's complaint he demonstrated that the BOP acted arbitrarily and capriciously when it interpreted the

the term "residential substance abuse treatment" in a manner that expands the scope of the definition of that term beyond that set by Congress in 18 U.S.C. § 3621(b) and 18 U.S.C. § 3621(e)(5)(A). See Compl. at 20. "When considering the legitimacy of an agency's interpretation of a statute is charged with enforcing, we first ask 'whether Congress has directly spoken to the precise question at issue.'" PDK LABORATORIES INC. v. U.S. DRUG ENFORCEMENT, 438 F.3d 1184, 1189 (D.C. Cir. 2006) (quoting Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984)).

Congress has directly spoken to the precise question at issue when it defined the term "residential substance abuse treatment" without any mention of the term "Federal prison" in that definitional section of statute § 3621. See 18 U.S.C. § 3621(e)(5)(A)(2006). See also Compl. at 15.

Contrary to the unambiguous plain language of Section § 3621(e)(5)(A), the defendant's reads into the language the term "Federal prison" and advocates that the Court do the same. See Def. mem. at 7 - 8. Notwithstanding the fact that "[c]ourts are not free to read into the language what is not there, but rather should apply the statute as written." UNITED STATES v. MURPHY, 35 F.3d 143, 145 (4th Cir.1994)(citation omitted); Dodd v. United States, 545 U.S.__,__, 125 S.Ct. 2478, 162 L.Ed2d 343 (2005)("...[w]e are not free to rewrite the statute that Congress has enacted.")

The defendant's rely on the fact that the term "Federal prison" was mentioned in the legislative history. See Def. Mem. at 7. Yet when Congress defined the term "Residential Substance Abuse Treatment" in the statute, the term "federal prison" never materialized in the plain language of Section § 3621(e)(5)(A). The statutory language in § 3621(e)(5)(A) is unambiguous and thus "[w]hen the import of the words Congress has used is clear, as it is here, we need not resort to legislative history, and we certainly should not do so to undermine the plain meaning of the statutory language." HARRIS v. GARNER, 216 F.3d 970, 976 (11th Cir.2000)(enbanc), cert. denied, 536 U.S. 96 (2002); United States v. Gonzales, 520 U.S. 1, 117 S.Ct. 1032, 1035, 137 L.Ed 2d 132(1997)("Given the straightforward statutory command, there is no reason to resort to legislative history.").

The defendant's position is only supported by reading § 3621(e) in isolation. But if the defendant's would construe § 3621(e) together with § 3621(b) it would find that there is no need to resort to the legislative history because in the latter statute Congress mentions "substance abuse treatment" in the same place the Bureau derives it's authority to designate the place of imprisonment i.e. whether maintained by the federal government or otherwise. See Id.; See also Compl. at 14 - 20. Resorting to the legislative history to give

"residential substance abuse treatment" a meaning as encompassing only federal prison treatment facilities would give Congress's policy judgement that the Bureau shall make available appropriate substance abuse treatment set forth in § 3621(b) no effect. See Supra, at 9 of this motion; See also Duncan v. Walker, 533 U.S. 167, 174 (2001)("[A] statute ought, upon the whole, to be construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant [.]")(internal quotation marks omitted); New York v. EPA, 443 F.3d 880, 887 (D.C. Cir. 2006)(SAME).

> 2. **THE BOP ENTERED INTO A CONTRACT WITH THE GEO GROUP WHICH INCORPORATED THE MANDATE SET FORTH IN § 3621(b) THAT THE BUREAU PROVIDE SUBSTANCE ABUSE TREATMENT AS BY CONTRACT THE BUREAU DELEGATED ITS AUTHORITY AND STATUTORY DUTIES UNDER 18 U.S.C. § 3621 TO THE GEO GROUP**

The defendant's argues that the New Beginning program is not related to the BOP drug abuse program based on the grounds that the Bureau cannot delegate it's duties under § 3621. See Def. Mem. at 10. Plaitiff avers that the defendants argument is clearly without merit for the following reasons stated below.

First, Congress specifically granted the Bureau authority to delegate its duties to hold federal prisoners in nonfederal facilities. See 18 U.S.C. § 3621(b). Second, in the instant matter the BOP has reserved for itself the role of final decision maker. "No inmate shall be admitted to [Rivers Correctional Institution], or released from institution custody

without prior BOP approval." Compl.'s Attachment A at 19, lines 30 - 31.  Even the defendant's agree that courts has upheld such delegation when the BOP has reserved for itself the role of decision maker, as is here, and thus it appears that the defendant's are trying to escape its duty under § 3621(b) to provide drug treatment to federal prisoners regardless of that prisoners place of imprisonment i.e., whether maintained by the federal government or otherwise. See Def. Mem. at 10 - 11; See also Compl. at 5 - 8.

> 3. **THE PLAIN LANGUAGE OF P.S. § 5330.10 DOES NOT SUPPORT THE DEFENDANTS POSITION AND THE TIME RESTRICTIONS IN CHAPTER 5'S SECTION 5.4.1(4) OF THE PROGRAM STATEMENT IS NOT MANDATORY WHEN EXTROADINARY CIRCUMSTANCES EXIST AS IS HERE**

The plain language of the Bureau's program statement § 5330.10 undergirds Plaintiff's interpretation of 18 U.S.C. § 3621(b).  The program statement reads in pertinent part that:

> "**ONCE AN INMATE REQUESTS RESIDENTIAL DRUG ABUSE TREATMENT PROGRAMMING, THE DRUG ABUSE TREATMENT STAFF SHALL DETERMINE THE INMATES ELIGIBILITY FOR THE PROGRAM.** DRUG ABUSE TREATMENT STAFF SHALL:
> (1) **Complete the Residential Eligibility Interviw;**
> (2) substantiate the inmates self-disclosed drug history with documentation in the central file;
> (3) coordinate with unit staff to determine the inmates instant offense qualifies him/her for early release consideration;
> (4) determine the inmates eligibility for early release based on previous criminal convictions; and if deemed eligible; and
> (5) ensure the inmate signs the appropriate treatment agreement."

See P.S. § 5330.10, Chapter 2, Section 2.3.1(1997)(emphasis

added). The plain language of the program statement clearly makes the time for an eligibility assessment for the BOP's RDAP predicated on the time "an inmate requests residential drug abuse treatment programming." Id. at Chapter 2, Section 2.3.1. The Bureau included the word shall in Chapter 2's Section 2.3.1 of the program statement to command the person to carry out the directives set forth therein once requested by the inmate. Id. See also Exportal Ltda. v. United States, 902 F.2d 45, 50 (D.C. Cir. 1990).[3]

---

[3] Plaintiff avers that his position is not only supported by the plain language of P.S. § 5330.10, Chapter 2, Section 2.3.1, but also judicial interpretations of the program statement at issue. In Engel v. Daniels, a United States District Court in Oregon interpreted program statement § 5330.10, wherein the court rejected the Bureau's assertion that a time restriction applies to eligibility determinations. 459 F.Supp.2d 1053.(D.Or. 2006). Reasoning that the theory that P.S. § 5330.10. "permits a time restriction is flatly contradicted by the rule itself." Engel, 459 F,Supp.2d at 1054(citing Wade v. Daniels, 373 F. Supp.2d 1201, 1202 (D.Or. 2005).

Congress when enacting 18 U.S.C. § 3621(b) and § 3621(e) intended for prisoners to know there eligibility prior to enrollment because "...some prisoners may be willing to enroll, and even to complete treatment, simply on the basis of a reasonable expectation that they will be found eligible...." CORT v. CRABTREE, 113 F.3d 1081, 1085 (9th Cir. 1997). Indeed, an interpretation of § 3621(e) to suggest that the Bureau did not have authority to render eligibility decisions prior to inmates becoming within 36 months of their projective release dates "would hinder the very purpose of the statute." Id. at 1085.

Thus, the Bureau's ability to render:(1) **pre-enrollment** eligibility decisions under Section 2.3.1 of Chapter 2; (2) **intermediate** eligibility decisions under Section 5.4.1(a)(4) of Chapter 5; and (3) **"final** eligibility decisions that are subject only to completion of the drug treatment program enables it to make more effective use of the program." CORT, 113 F3d at 1085 (emphasis added).

As discussed above, P.S. § 5330.10 clearly shows that the time restrictions for RDAP assessment is predicated on the inmates request. Even if the eligibility determination phase of the BOP's RDAP does have time restrictions which it does not, the defendants position would still fail in the instant matter because under the policy, the Bureau used the word <u>ordinarily</u> to demonstrate that there are extroadinary circumstances like Plaintiff's when the time restrictions would not apply.

Specifically, the statute further states:

> "Eligibility. An inmate must meet all the following criteria to be eligible for the residential drug abuse treatment program...
> (4) **Ordinarily,** the inmate must be within thirty-six months of release..."

See P.S. § 5330.10, Chapter 5, pages 3-4, Section 5.4.1(4)(May 17, 1996)(emphasis added). The term "ordinarily" is not defined in the program statement. "In the absence of such a definition, we construe a statutory term in accordance with its ordinary or natural meaning." <u>F.D.I.C. v. MEYER,</u> 510 U.S. 471, 476 (1994). The common meaning of "ordinarily" is "in the ordinary course of event: usually, to the usual extent...." <u>WEBSTERS DICTIONARY 3rd NEW INTERNATIONAL ED. UNABRIDGED</u> at 1589 (2002).

The plain reading of P.S. § 5330.10 demonstrates that the Bureau used the term "ordinarily" therein to comport with Congress's policy judgment set forth in § 3621(b) to be flexible when federal prisoners are held in treatment facilities not

maintained by the federal government. Plaintiff avers that the plain and ordinary meaning of the term "ordinarily" should not be ignored nor should the Court allow the defendants to continue to emasculate Chapter 2's Section 2.3.1 of § 5330.10 by reading Chapter 5's Section 5.4.1(4) as a isolated provision. When "the statute language is plain, the sole function of the court[]-atleast where the disposition required by the text is not absurd-is to enforce it according to its terms." Dodd v. United States, __U.S.--, 125 S.Ct. 2478(2005)(quotation marks omitted); See also Duncan v. Walker, 533 U.S. 167, 174 (2001).

Plaintiff avers that his successful completion of a 756-Hour New Beginnning drug program which is 256 hours over the BOP's 500-hour requirement set forth in P.S. § 5330.10, is a extradinary circumstance where the time restrictions does not apply. Thus, for the foregoing reasons Plaintiff avers that he has met the requisite showing that the defndants actions are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. See 5 U.S.C. § 706(2)(A); See also AM. Pub. Communications Council v. FCC, 215 F.3d 51, 55 (D.C. Cir. 2000).

C.  **PLAINTIFF IS ENTITLED TO INJUCTIVE RELEIF**

   1. **THERE WILL BE NO ADVERSE IMPACT IF THE COURT GRANTS PLAINTIFF'S RELIEF**

The relief Plaintiff seeks is narrowly drawn and extends no further than necessary to correct the violation of

the statutory right under § 3621(b) and § 3621(e). <u>See</u> Compl. at 32 - 33. Specifically, many federal prisoners in non contract facilities and federal facilities can not meet the BOP's eligibility requirement's thus there will be no adverse impact on the operation of the federal prison system. See e.g., <u>Jacks v. Crabtree</u>, 114 F.3d 983(9thCir.1997); <u>Wottlin v. Fleming</u>, 136 F.3d 1032(5th Cir. 1998); <u>Zacher v. Tippy</u>, 202 F.3d 1039(8th Cir. 2000); <u>Hunnicutt v. Hawk</u>, 229 F.3d 997(10th Cir. 2000); <u>Dawkins v. Reno</u>, 130 F.Supp.2d 740(E.D.N.C. 2000).

Moreover, in this situation having non federal contract facilities provide substance abuse treatment frees the BOP of cost of providing the treatment enabling the Bureau to better allocate its available resources. Also, Plaintiff is a non-violent federal prisoner presently residing in a minimum security prison with out custody meaning the Bureau does not look at Plaintiff as a threat to public safety. <u>See</u> Compl. at footnote 10 of page 27.

Thus, Plaintiff avers that there will be no adverse impact on the BOP's authority to make decisions, ability to allocate recources, as well as the operation of the criminal justice system or have any impact on the public safety if the Court grants relief in the instant matter.

**D.      PLAINTIFF IS ENTITLED TO DECLATORY JUDGMENT**

      **1. PLAINTIFF HAS A RIGHT TO THE RDAP PROGRAM IN THE MANNER HE SEEKS**

The Plaintiff is entitled to declatory judgment. He has a right to the RDAP program in the manner he seeks. See Compl. at 12 - 30; See also Supra, pages 2 - 14 of this motion.

E. **PLAINTIFF'S CASE SHOULD NOT BE TRANSFERRED TO A VENUE IN NEW JERSEY**

    1. **PLAINTIFF DOES NOT CHALLENGE ACTIONS TAKEN BY PRISON OFFICIALS IN NEW JERSEY NOR DID THE STAFF AT FCI FAIRTON HERE IN NEW JERSEY MAKE THE CHALLENEGED DECISIONS IN THIS CASE; AND THE RECORDS, WITNESSES, AND COUNSEL FOR THE CASE ARE LOCATED IN WASHINGTON DC.**

Plaintiff avers that the instant matter should not be transfered to a venue in New Jersey. Venue is properly laid in the District of Columbia under Section 1391(e) of Title 28. "When the Federal officers named as defendants are to be found within the District of Columbia for purposes of personal jurisdiction, venue is properly laid under Section 1391(e)." STARNES v. MCGUIRE, 512 F.2d 918, 925 (1974). Here all the defendants addresses are in the district of columbia. See Compl. at 36.

Moreover, the considerations specified in Section 1404(a) justifying a transfer of venue can not be met by the defendants. If the Court would examine the facts of this case it will find that Plaintiff does not challenge actions taken by prison officials in New Jersey. On the contrary, he challenges actions taken by prison officials in the state of north carolina

who entered into a contract in the District of Columbia with the defendants. See Compl. at 5 - 10.

The staff at FCI Fairton did not make the challenged decisions nor can they testify about the contractual obligations between the GEO Group Inc. and the Federal Bureau of Prisons. In fact, the contracting officer Scott P. Stermer for the BOP is not located in New Jersey. According to the contract he is located at 320 First Street NW room 500-6, Wahsington, D.C. 20534. See Compl.'s Attachment A at 1.

Moreover, the issue's raised in Plaintiff's complaint are issues of national importance because if the stautory questions go unreviewed the Bureau can continue to escape its duty set by Congress to provide substance abuse treatment to federal prisoners regardless of the place of imprisonment i.e., whether maintained by the federal government or otherwise.

The circumstances to tranfer the a case to another venue is absent in the instant matter because Venue is properly laid under Section 1391(e). "Absent such circumstances, transfer in derogation of properly laid venue is unwarranted." STARNES v. MCGUIRE, 512 F.2d 918, 925 (1974).

## CONCLUSION

For the foregoing reasons, the defendants dispotive motion and accompanying memorandum of points and authorities should be dismissed, and in the alternative the Court should set a date for trial on the merits.

```
                                        Respectfully Submitted,


DATE: June 25th 2007.                   _____
                                        LACY DAVIS, III, Pro Se
                                        Fed. Reg. No. 17348-016
                                        FCI Fairton-CAMP
                                        P.O. BOX 420
                                        Fairton, New Jersey 08320
```

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served, this 25th Day of June, 2007, by United States Mail, First Class postage, addressed to:

Federal Bureau Of Prisons
320 First Street, N.W.
Washington, D.C. 20534

Harley G. Lappin, Director
Federal Bureau of Prisons
320 First Street
Washington, D.C. 20534

United States Attorney's Office
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LACY DAVIS, III,        ) | |
| Plaintiff    ) | |
| ) | |
| ) | |
| ) | Civil Action No. 07-0201(RMC) |
| v.                      ) | |
| ) | |
| BUREAU OF PRISONS, et al. ) | |
| Defendants.  ) | |
| ) | |

**ORDER**

Upon Consideration of Plaintiff's Response to the Defendants Motion to Dismiss, the relevant law, and the entire record herein, it is this _____ day of _____ _____, 2007

ORDERED that Plaintiff's Motion to Dismiss Defendants Motion to Dismiss and Transfer of Venue is GRANTED, and it is Further ORDERED that this case is SET FOR TRIAL on _____ _____, 2007
This is a final appealable order.
SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE