Lacy Davis #17348-016
FCI Fairton-Camp
P.O. BOX 420
Fairton, New Jersey 08320

Clerk of Court
United States District Court                Civil Action No. 07-0201(RMC)
For the DIstrict of Columbia
333 Constitution Ave., N.W.,
Washington, D.C. 20001

RE: LACY DAVIS v. BUREAU OF PRISONS, et al.,
Correction to PLaintiff's Response to Defendant's Motion to Dismiss.

June 30, 2007

Dear Clerk of Court:

This letter is a formal request for your office to assist me in making a correction in my Response motion filed on June 25th, 2007, responding to the Defendants motion to dismiss.

On page 3 of my Response motion at line 11 of the first paragraph I forgot to include the cite number. It should read " See also, Infra at 10."
The cite number 10 is missing.

Please remove page three of my response motion and add the page 3 accompanying this letter to that motion.

Thankyou for your time in this matter it will be greatly appreciated.

P.S. the Page 3 attached has the correction.

Sincerly,

Lacy Davis Pro Se

**RECEIVED**

JUL 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Specifically, Plaintiff raised a challenge to the BOP's interpretation of the term "Residential Substance Abuse Treatment" set forth in 18 U.S.C. § 3621(e)(5)(A). See Compl. at 12 - 23. Plaintiff further challenged the Bureau's interpretation on the grounds that it's definition of the term "residential Substance Abuse Treatment" as meaning only treatment at Federal prisons renders the statutory phrase "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner..." set forth in 18 U.S.C. § 3621(b) meaningless or void. See Id. at 14-20; See also, Infra at 10.

Moreover, Plaintiff raised a statutory argument to the Court whether statute § 3621(b) confers a duty on the Bureau to make available the two remaining components of the BOP's Residential Drug Abuse Program to Plaintiff including the BOP's incentives program. See Compl. at 23 - 31.

It appears that the defendant's failed to acknowledge in its dispositive motion to the Court the focus and entire discussion in Fristoe v. Thompson, 144 F.3d 627, 631 (10th Cir. 1998), which was that statute § 3625 does not preclude this Court from interpreting a statute. Thus, the defendant's reliance on Fristoe to dismiss Plaintiff's complaint is misplaced. See Fristoe, 144 F.3d at 631("While § 3625 may preclude us from reviewing the BOP's substantive decision in appellant's case, it does not prevent us from interpreting the statute to determine whether the BOP exceeded its statutory authority.")(citations

-3-

RECEIVED

JUL 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT