UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LACY DAVIS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-201 (RMC) |
| ) | |
| FEDERAL BUREAU OF PRISONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Pro se Plaintiff Lacy Davis, III, is a federal inmate who brought this suit against the Federal Bureau of Prisons ("BOP"),[1] alleging that he should be placed in BOP's drug abuse treatment program and that upon completion of the program, he should be considered for a reduced sentence. He contends that BOP's denial of his request to be placed in the program was arbitrary and capricious under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701. Because a BOP placement decision is not open to challenge under the APA, the Court lacks subject matter jurisdiction, and this case must be dismissed.

### I. FACTS

Mr. Davis is a federal inmate serving a sentence of 240 months, followed by 10 years of supervision, for conspiracy to possess with intent to distribute fifty grams or more of crack cocaine. He is incarcerated currently at the Federal Correctional Institution ("FCI") in Fairton, New Jersey. Prior to his FCI incarceration, Mr. Davis was incarcerated at the GEO Rivers Correctional

---

[1] Defendants are the Federal Bureau of Prisons and its Director, Harley Lappin, in his official capacity.

Institution, a contract correctional facility administered by the Wackenhut Corrections Corporation. While at the GEO Rivers facility, Mr. Davis participated in the "New Beginning After Care" drug treatment program.

> BOP operates a residential drug abuse program that has three components:
>
> (1) the unit-based residential program, which lasts for six to twelve months, with 500 hours minimum required;
>
> (2) the institution transition phase, which requires participation for a minimum of one hour per month over a twelve month period; and
>
> (3) the community transitional services, lasting up to six months when the inmate is transferred to a community corrections center or to home confinement.

Defs.' Mot. to Dismiss, Att. 1. A participant who successfully completes all three steps is eligible for sentence reduction.

Mr. Davis contends that his participation in the New Beginning program was the equivalent of participation in the first step of BOP's drug abuse treatment program, that BOP should place him into the second step, and that upon completion of the BOP program BOP should consider reducing his sentence. BOP denied Mr. Davis's request under 18 U.S.C. § 3621(b) because the New Beginning program was not a BOP-operated program and because inmates are eligible "ordinarily . . . within thirty-six months of release." Mr. Davis's release date is not until November 13, 2012.

## II. ANALYSIS

In general, the APA provides for judicial review of federal agency action and thus constitutes a waiver of sovereign immunity. 5 U.S.C. § 702. The APA, however, also provides an exception to the waiver of sovereign immunity — that is, judicial review is not available when (1) a statute precludes judicial review or (2) agency action is committed to agency discretion. 5 U.S.C.

701(a).

The Executive Branch has the authority to administer the federal prison system, 18 U.S.C. § 4001, and the Attorney General delegated this authority to BOP. *See* 28 C.F.R. § 0.96; *see also* 18 U.S.C. § 3621 (a) & (b) (Congress provides custody of sentenced inmates to BOP). Among other duties, BOP provides residential substance abuse treatment to eligible prisoners, *id*. § 3621(e), and has the discretion to reduce the sentence of inmates who complete the program. *Id*. § 3621(e)(2)(B).

The statute that delegates this authority to BOP precludes review under the APA of BOP placement determinations. The statute provides that the APA "does not apply to the making of any determination, decision, or order under this subchapter." *Id*. § 3625. "This subchapter" refers to sections 3621-3626, the "Imprisonment" subchapter of the "Post-Sentence Administration" chapter, Title 18. Therefore, the statute excludes APA review of BOP determinations regarding placement of inmates in substance abuse treatment. *See, e.g.*, *U.S. v. Jackson*, 70 F.3d 874, 878 (6th Cir. 1995) (court lacked authority to order that defendant participate in drug treatment program, as that determination is within sole discretion of BOP); *Landry v. Hawk-Sawyer*, 123 F. Supp. 2d 17, 19 (D.D.C. 2000) (§ 3625 precludes court review of BOP's substantive decision in an individual case); *see also Cook v. Wiley*, 208 F.3d 1314, 1319 (11th Cir. 2000) (even if prisoner is eligible for sentence reduction due to completion of BOP drug treatment program, BOP has sole discretion to determine whether to grant sentence reduction). In sum, APA review of BOP's decision not to place Mr. Davis in its substance abuse treatment program is not available. Thus, the APA's waiver of sovereign immunity does not apply, and this Court lacks jurisdiction.

## III.  CONCLUSION

For the reasons explained above, BOP's Motion to Dismiss [Dkt. # 10] will be granted and this case will be dismissed.  A memorializing order accompanies this Memorandum Opinion.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: October 23, 2007