IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LACY DAVIS, III,                    )
            Plaintiff               )
                                    )
                                    )
v.                                  )        Civil Action No. 07-0201(RMC)
                                    )
                                    )
BUREAU OF PRISONS, et al.           )
            Defendants.             )
                                    )

MOTION TO ALTER OR AMEND JUDGMENT PURSUANT
TO 28 U.S.C. RULE 59(e).

     **NOW COMES**, the Plaintiff, Lacy Davis, III, and hereby respectfully moves this Honorable Court, pursuant to Title 28 U.S.C., Civil Rule 59(e), to alter or amend it's judgment entered on October 23, 2007, due to a clear error of law which needs to be corrected and to prevent a manifest injustice. See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (A Rule 59(e) motion is to be granted "...to correct a clear error or prevent manifest injustice.")(citations omitted).

I. FACTS

     Plaintiff hereby incorprates his complaint under the

**RECEIVED**

NOV 5 - 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-1-

Administrative Procedure Act of Title 5 U.S.C. § 701 ET
SEQ.("Cmplt."), Affidavit of Lacy Davis, III, in Support of
complaint("Affd."), and Plaintiff's Response in Opposition to
Defendant's Motion to Dismiss("Pls. Res. in Opp'n. to Def.'s
Mot. to Dismiss") filed in the above captioned case.[1]

ARGUMENT

A. COURT HAS SUBJECT MATTER JURISDICTION

1.   THE DISTRICT COURT COMMITTED AN ERROR OF LAW WHEN IT
     RELIED ON SECTION § 3625 TO DISMISS PLAINTIFF'S
     COMPLAINT BECAUSE THAT STATUTE DOES NOT PRECLUDE
     JUDICIAL REVIEW TO DETERMINE WHETHER THE BOP HAS
     EXCEEDED ITS STATUTORY AUTHORITY.

       Plaintiff now asserts that his Pro Se complaint raised
a statutory question whether the Bureau of Prisons("Bureau" or
"BOP") has adopted a permissible construction of the statute,
by categorically excluding non violent federal prisoners who
successfully completes a 500-hour residential substance abuse
treatment program located at Federal Contract Facilities( not-
withstanding the fact that the substance abuse treatment

_____

[1]
    Plaintiff request the Court to refer to his complaint for a
detailed account of the procedural history of the case.

at the non-federal facility matches the treatment required by statute 18 U.S.C. § 3621(e)(5)(A)), from the substance abuse treatment, After Care and incentives set by Congress under 18 U.S.C. §§ 3621(b), 3621(e)(1)(C), 3621(e)(2)(B). See Cmplt. at pg 10 and pg.'s 12 - 23; See also Pls. res. in Opp'n. to Def.'s Mot. to Dismiss at pg 3 and pg.'s 7 - 9.

In the Court's order and memorandum opinion dated October 23, 2007, the Court failed to address the issues of statutory construction raised in Plaintiff's complaint, see Cmplt. at 12-22 and 28-32, which the Court has jurisdiction to review here, because therein Plaintiff alleges that the defendant's has acted "beyond the scope of discretion granted by Congress."[2] WALLACE v. CHRISTENSEN, 802 F.2d 1539, 1551 (9th Cir. 1986)(en banc); Miller v. United States, 964 F.Supp. 15, 17 n.3(D.D.C. 1997)("While Section 3625 might preclude judicial review of a specific decision with regard to the impr-isonment release or transfer of a particular prisoner ... it does not preclude review of the BOP's statutory authority to promulgate the Program Statement in one first instance.") (inner citation omitted).

---

[2]

See also Pls. Res. in Opp'n. to Def.'s Mot. to Dismiss at 2-4.

Plaintiff avers that the Court's reliance on statute § 3625 is misplaced here because "[a]bsent from § 3625 is an exclusion of the rulemaking provision of the Administrative Procedure Act under 5 U.S.C. § 553. Accordingly, it is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rule making decisions." MARTIN v. GERLINSKI, 133 F.3d 1076, 1079 (8th Cir. 1998).

In Plaintiff's complaint he challenged the Bureau's Rule making decision to read into statute 18 U.S.C. §§ 3621(b), 3621(e)(5)(A), 3621(e)(2)(B) the term "Federal Prison"(a term Congress has opted to omit) to infer that Congress intended "residential Substance Abuse Treatment" to mean only Bureau treatment facilities. See Cmplt. at 12 - 23; See also Pls. Res. in Opp'n. to Def.'s Mot. to Dismiss at pg's 8 - 10.

Here, the defendant's interpretation is not owed any deference by the Court because Congress has directly spoken to the precise question at issue when it defined the term "residential Substance Abuse Treatment" without any mention of the term "federal Prison" in that statutes definitional section. See 18 U.S.C. § 3621(e)(5)(A)(2006); See also Cmplt. at 15; Pls. Res., at 7 - 10.

Plaintiff further challenged the Bureau's rule making decision on the grounds that its interpretation of the term

"Residential Substance Abuse Treatment" as meaning only

treatment at Federal Prisons, renders the statutory phrase

"[t]he Bureau shall make available appropriate substance abuse

treatment for each prisoner ..." 18 U.S.C. § 3621(b), meaningless

or void because the foregoing phrase when construed as a whole,

with the rest of the statute, infers a duty on the BOP to provide

substance abuse treatment to Plaintiff whether maintained by the

Federal Government or Otherwise. See Cmplt. at 14 - 20; See also

Pls. Res. in Opp'n. to Def.'s Mot. to Dismiss at 9 - 10.

        Moreover, Plaintiff raised a statutory question to the

Court whether statute § 3621(b) makes illegal the Bureau's rule

categorically excluding Plaintiff from the remaining two components

of the BOP's RDAP(including incentive programs), which Congress

confered a duty on the Bureau to make available to Plaintiff.

See Id. at 23-31  All of the foregoing issues of statutory

construction were even acknowledged by the defendants to have

been raised in Plaintiff's complaint. See  Defendant's Motion

to Dismiss Memorandum of Points and Authorities("Def. Memo.)

at 2.  In their dispositive motion the defendant stated:

> "...[Plaintiff] asks the Court to declare as invalid the
> BOP's interpretation of the term 'residential substance abuse
> treatment' in 18 U.S.C. § 3621(e) to include only drug abuse
> treatment programs administered by the BOP."

See Id.(citing Cmplt. at pg.'s 32 - 33 and pg.'s 1 -2).

Plaintiff's complaint may have been inartfully drawn when he states that the Bureau has abused its discretion, <u>see</u> Cmplt. at 12;[3] that the Bureau should have placed Plaintiff in the two remaining component's of the substance abuse treatment program, <u>see</u> Id. at 23- 27, which the Court construed as a challenge to a BOP decision not to place Plaintiff in its substance abuse treatment program. <u>See</u> Memorandum and Opinion dated October 23, 2007, signed by the Honorable Judge Rosemary M. Collyer("Ct. Memo.") at 2 - 3.  These discrepencies should have been overlooked in the instant matter because therein Plaintiff attempted to challenge the BOP's <u>rule</u> that excludes non violent Federal Prisoners who successfully complete substance abuse treatment at Federal Contract Facilities from further drug abuse treatment, After Care treatment and the incentives under 18 U.S.C. § 3621(e)(2)(B). <u>See</u>  <u>United States</u> <u>v. Palmer</u>, 296 F.3d 1135, 1143 (D.C. Cir.2002)("[A]llegations of pro se motioner, 'however inartfully pleaded,' are subject to 'less stringent stringent standards than formal pleadings drafted by lawyers.'")(summarizing and quoting <u>Haines v. Kerner</u>,

---

[3]
     When Plaintiff states in his complaint that the Bureau has abused its discretion, it could have been misconstrued as if Plaintiff only challenged a substantive decision made by the defendant's, which is not the case, because Plaintiff also raised that the BOP's program statement for exercising discretion, as promulgated and applied, violate the statutory scheme set by Congress in 18 U.S.C. § 3621(b)and(e). <u>See</u> Cmplt. at 1-31.  Accordingly, such an inquiry into the legality of agency action, as opposed to its appropriateness within legal bounds, is "uniquely approriate for judicial determination." <u>SCANWELL</u> <u>LABORATORIES,INC. v. SHAFFER</u>, 424 F.2d 859, 875 (D.C.Cir.1970).

404 U.S. 519, 520 (1972)(per curiam)).

The majority of Plaintiff's complaint contains issues of challenging the BOP"s construction of the statute. See Cmplt. at 1 - 31.    It appears that the Court failed to acknowlede in its order and memorandum opinion dated October 23, 2007, the entire focus and entire discussion of the statutory question issues in Plaintiff's complaint and the case law cited in Plaintiff's Response to the Defendant's motion to Dismiss, see Pls. Res. in Opp'n to Def.'s Mot. to Dismiss at 3-4(citing Fristoe v. Thompson, 144 F.3d 627, 631 (10th Cir. 1998); Landry v. Hawk-Sawyer, 123 F.Supp.2d 17, 19 (D.D.C.2000)), wherein courts have held that § 3625 does not preclude the Court resolving issues of statutory construction.Id.

The Bureau's rule categorically excluding Federal Prisoners from substance abuse treatment at Federal Contract Facilities is arbitrary and capricious because the agency in the instant matter has relied on factors "...which Congress had not intended it to consider..."[4] INDIVIDUAL REFERENCE SERVICES GROUP,INC. v. F.T.C., 145 F.Supp.2d 6, 25 (D.D.C., 2001)(citations omitted).

---

[4]

    See Cmplt. at 12 - 23; See also Pls. Res. in Opp'n to Def. Mot. to Dismiss at 7 - 10.

CONCLUSION

For the reasons stated above, and in the interest
to prevent injustice, Plaintiff request for the District Court
to reconsider it's order and memorandum opinion entered on
October 23, 2007, pursuant to civil rule 59(e). See Firestone
v. Firestone, 76 F.3d 1205, 1208(D.C. Cir.1996).

## RELIEF SOUGHT

1). Plaintiff request the District Court to construe this
Motion to Alter or Amend Judgment Pursuant to 28 U.S.C. Rule 59(e),
liberally under Haines v. Kerner, 404 U.S. 519, 520-21 (1972);
and,

2). Grant Plaintiff's Motion for reconsideration of the Court's
order and memorandum opinion entered on October 23,2007, due to
statute 18 U.S.C. § 3625 does not preclude the Court from res-
olving issues of statutory construction raised in Plaintiff's
complaint; and,

3). Grant all relief the Court deems appropriate in Plaintiff's
complaint; or,

4). Any other Relief the District Court deems appropriate.

Respectfully Submitted On,

this ___/st__ Day of Nov., 2007

by: _____
Lacy Davis,III, Pro Se

## CERTIFICATE OF SERVICE

I certify that on November _*1st*_ ,2007. I mailed a copy of this motion for reconsideration under 28 U.S.C. Civil Rule 59(e), via First Class Mail *U.S. Postal Service by dropping in Prison Mailbox* to the following parties listed below:

Federal Bureau Of Prisons
320 First Street, N.W.
Washington, D.C. 20534

Harley G. Lappin, Director
Federal Bureau of Prisons
320 First Street
Washington, D.C. 20534

United States Attorney's Office
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530

I certify under the penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746 on this _*1st*_ Day. of Nov., 2007.

by: _____
    Lacy Davis,III, Pro Se