IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LACY DAVIS, III,          )
        Plaintiff,   )
                    )
v.                  )     Civil Action No. 07-0201(RMC)
                    )
BUREAU OF PRISONS, et al., )
        Defendants.  )

MOTION FOR LEAVE OF COURT TO AMEND ADMINISTRATIVE
PROCEDURE ACT COMPLAINT(Title 5 U.S.C. § 701 Et Seq.)
PURSUANT TO 28 U.S.C., CIVIL RULE 15(a) and (c)(2).

**COMES NOW**, Plaintiff Lacy Davis, III, acting pro se,
and hereby respectfully request this Honorable Court to grant
him leave to amend his Administrative Procedure Act Complaint
under 5 U.S.C. § 701 Et Seq., 28 U.S.C. § 1331, pursuant to
28 U.S.C., Civil Rule 15(a) inorder to raise a challenge to
the Bureau of Prisons("Bureau" or "BOP") rule excluding eligible
prisoners housed at treatment facilities not maintained by the
Federal Gov't, from treatment set forth in 18 U.S.C. § 3621(b),
§ 3621(e)(1), § 3621(e)(5)(A), § 3621(e)(2)(B) and
P.S. § 5330.10, Chapter 5, Section 5.2.1(2) and (3)(1996).

# RECEIVED

NOV 1 9 2007         -1-

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The challenge to the Bureau's Rule now made "arose out of the conduct, ... attempted to be set forth in the original pleading..." 28 U.S.C., Civil Rule 15(c)(2).  Thus, the instant motion to amend should relate back to Plaintiff's original complaint. BP WEST COAST PRODUCTS, LLC v. F.E.R.C., 374 F.3d 1263, 1277 n.2(D.C. Cir.2004).

## I.  FACTS

Plaintiff hereby incorparates his Motion to Alter or Amend Judgment(28 U.S.C., Civil Rule 59(e), filed on November 1st, 2007. Plaintiff can amend his complaint only by filing a 59(e) motion to alter or amend judgment combined with a Rule 15(a) motion requesting leave of court to amend his complaint. Firestone v. Firestone, 76 F.3d 1205, 1208(D.C. Cir.1996); Confederate Memorial Ass'n, Inc. v. Hines, 995 F.2d 295, 299(D.C. Cir. 1993) ("Once the District Court granted appellees' motions to dismiss, appellants could amend the complaint 'only by leave of court or by written consent of the adverse party; Fed.R.Civ.P. 15(a), coupled with a motion under Rule 59(e) to alter or amend the jud-gment.").

-2-

ARGUMENT

ISSUE IV.

THE BOP HAS EXCEEDED ITS STATUTORY AUTHORITY WHEN IT
PROMULGATED AND APLLIED CHAPTER 6, SECTION 6.1.1(4)
OF P.S. § 5330.10, IN A MANNER TO CATEGORICALLY EXCLUDE
NON VIOLENT FEDERAL PRISONERS(WHO SUCCESSFULLY COMP-
LETES RESIDENTIAL SUBSTANCE ABUSE TREATMENT AT TREATMENT
FACILITIES NOT MAINTAINED BY THE FEDERAL GOVERNMENT),
FROM TREATMENT SET FORTH IN 18 U.S.C. §§ 3621(b),
3621(e)(1), 3621(e)(5)(A), 3621(e)(2)(B) and PROGRAM
STATEMENT § 5330.10, CHAPTER 5, SECTION 5.2.1(2) and (3).

Plaintiff asserts that the Bureau has exceeded its
statutory authority when it promulgated and applied Chapter 6,
section 6.1.1(4) of P.S. § 5330.10, in a manner that excludes
non violent federal prisoners(that successfully completes a
treatment program that matches the requirement's set by Congress
in 18 U.S.C. § 3621(e)(5)(A) for residential substance abuse)
from being counted towards the incentive program (§ 3621(e)(2)(B))
and for the purposes of further treatment(§ 3621(e)(1) and
P.S. § 5330.10, Chapter 5, Section 5.2.1(2)), in accord with

-3-

18 U.S.C. § 3621(b).[1]

In the statute Congress mandated that the Bureau provide substance abuse treatment to federal prisoners in penal or correctional facilities, whether maintained by the Federal Government or otherwise. The pertinent statute states that "[t]he Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise[2]..." 18 U.S.C. § 3621(b). The statute further states, "...there shall be no favoritism given to prisoners...." ... "The Bureau shall[3] make available

---

[1]

The defendants maintain that only treatment at "Federal Prisons" should be recognized for purposes of the statute. See Defendant's Memorandum of Points and Authorities in Support of it's Motion to Dismiss or, in the alternative Transfer Venue("Def. Mem.") at pages 7-8.

[2]

The term"otherwise"is not defined in the statute, thus courts frequently look to dictionaries to determine the plain meaning of words, and in particular look at how a phrase was defined at the time the statute was drafted and enacted. See Molzof v. United States, 502 U.S. 301, 307 (1992). The word "otherwise" means:"1. In another way: Differently...2. Under different circumstances." WEBSTER'S II NEW RIVERSIDE DICTIONARY(1998) at page 833.

[3]

Subsection (b) of § 3621 does limit the Bureau's discretion and does provide specific direction to the BOP to make available appropriate substance abuse treatment by Congress's inclusion of the word shall in the last paragraph of 3621(b). "The word 'shall' is ordinarily 'The language of command.'" ANDERSON v. YUNGKAU, 329 U.S. 482, 485(1947).

appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."Id.

Plaintiff asserts that the statute is clear and plain that the Bureau is obligated to provide appropriate substance abuse treatment to federal prisoners in prisons, whether maintained by the Federal Government or otherwise. This reasoning is supported by the cannons of statutory construction that statutes are to be construed in its entirety. See PDK LABORATORIES INC. v. D.E.A., 362 F.3d 786, 795(D.C. Cir.2004).

Thus, to define the terms"substance abuse treatment" and "residential substance abuse treatment" as meaning only treatment programs in Federal Prisons, will not only sever the last paragraph in subsection(b) of § 3621, from the first paragraph therein, but it also makes Congress's use of the word "otherwise" in the statute "insignificant" if not "superflous,"[4] which is a violation of the cardinal principle of statutory constuction that "a statute ought, upon the whole, to be con- strued that, if it can be prevented, no clause, sentence, or word shall be superflous, void, or in significant[.]" DUNCAN v. WALKER,

---

[4]

The defendants advocate that the Court ignore the word "otherwise" in the first paragraph of § 3621(b) and only give the word "Federal Government" any effect, when it carries out it's duty to make available appropriate substance abuse treatment in penal or correctional facilities. See Def. Mem. at pages 7-8.

533 U.S. 167, 174(2001)(internal quotation marks omitted).

Here, Congress expressly included the word "otherwise," in the statute after the phrase "maintained by the Federal Government", while simultaneously including the last sentence in subsection(b)(obligating the Bureau to make available appropriate substance abuse treatment) and thus "...the court must presume that Congress acted 'intentionally and purposely'..." NEWYORK v. E.P.A., 443 F.3d 880, 887(D.C. Cir.2006)(citing Barnhart v. Sigmon Coal Co., 534 U.S. 438, 452(2002)(quoting Russello v. United States, 464 U.S. 16, 23(1988)), when it excluded the term "Federal Prisons" from statutes §§ 3621(e)(1) and 3621(e)(5)(A).[5] Because where Congress knows how to say something but chooses not to, its silence is controlling. BFP v. Resolution Trust Corp., __U.S.__, __, 114 S.ct. 1757, 1761, 128 L.Ed.2d 556(1994).

Hence, the defendant's attempt to look past the plain language of the statute in reliance on the legislative history, see Def. Mem. at pages 7-8, violates a basic principle of statutory interpretation. "[W]hen the statute's language is plain, the sole function of the courts--at least where the disposition is required by the text is not absord--is to enforce it according to

---

[5]

The words of the statute should be read in context, the statute's place in 'the overall statutory scheme' should be considered, and the problem Congress sought to solve should be taken into account. Davis v. Michigan Dep't of Treasury, 489 U.S. 803, 809 (1989).

its terms." HARTFORD UNDERWRITERS INS. CO. v. UNION PLANTERS
BANK, 530 U.S. 1, 6 (2000)(citations and internal quotations
omitted).  The Supreme Court has held that it will not review
the legislative history of a statute to create an ambiguity
where there is none. See Ratzlaf v. United States, 510 U.S. 135,
147-48(1994)("[W]e do not resort to legislative history to
cloud a statutory text that is clear.").

        If Congress had wanted to make prisoners in penal or
correctional facilities not maintained by the Federal Government,
who successfully completes substance abuse treatment(that matches
the treatment set forth in § 3621(e)(5)(A)) ineligible to have
that treatment counted for the purposes of the incentives set forth
in § 3621(e)(2)(B), it could have easily defined the term
"residential substance abuse treatment" to mean treatment in
"Federal Prison" residential treatment facilties.  No where in
the statute i.e., § 3621(e)(1) or § 3621(e)(5)(A) does Congress
include the term "federal Prison", to make it known that inorder
[for the Bureau] to carry out the requirement of the last sentnce
of subsection(b) of § 3621 or for a prisoner to be eligible for
incentives(§3621(e)(2)(B)), the treatment must be provided at a
Federal Prison. See Plaintiff's Motion to Alter or Amend Judgment
(Pls. Mot. to Alter Judgment) at page 4; See also  Keene Corp.
v. United States, 508 U.S. 200, 208(1993)("Courts are obligated
to refrain from embellishing statutes by inserting language that
Congress has opted to omit.").

Moreover, because the substance abuse provision, here, specifically defines "residential substance abuse treatment" and Congress instructed the Bureau that inorder to carry out its requirement in the last sentence of subsection(b), it must provide residential substance abuse treatment as defined in § 3621(e)(5)(A); Congress did not allow the regulation and program statement to fill the gap and thus did not leave interpretation to the Bureau to embellish the statute to include a "Federal Prison" treatment facility requirement. Such an explicit statutory definition demonstrates a Congressional intent to forestall interpretation of the term by an administrative agency and acts as a limitation on the Bureau's authority. See Greenwood Trust Co. v. Massachusetts, 971 F.2d 818, 827(1st Cir. 1992). The Bureau is bound not only by the language of the statutory definition, but also by its judicial interpretations. See Robinson v. Shell Oil Co., 70 F.3d 325, 328 (4th Cir.1995) ("As a general rule [a] definition which declares what a term means ...excludes any meaning that is not stated.")(qutoing 2A George Sutherland, Statutes and Statutory Construction § 47.07, at 152(5th Ed.1992)).

Plaintiff avers that the Bureau in carrying out its stautory command it can no longer apply Chapter 6, Section 6.1.1(4) of § 5330.10, in a manner to exclude successfuly completion of substance abuse treatment by prisoners in facilities not maintained by the Federal Government, from having that treatment

-8-

counted for the purposes of the incentives set forth in
§ 3621(e)(2)(B).  Because to do so gives favoritism to
prisoners in treatment facilities maintained by the Federal
Government, which is another violation of the plain language
of § 3621(b). "[T]here shall be no favoritism given to pris-
oners..."18 U.S.C. § 3621(b)(emphasis added).

## CONCLUSION

The District Court as a matter of statutory construction
should find that the plain language of the statute commands the
Bureau to make available substance abuse treatment to prisoners
in Federal Prisons or otherwise,[6]and for any prisoner who
successfully completes a treatment program(and he iseligible
for the incentives under § 3621(e)(2)(B)),whether in a treatment
facility maintained by the Federal Government or otherwise, the
Bureau must count such treatment for purposes of the incentive
program in the statute.

---

[6]

The program statement is clear: "[o]nce an inmate requests residential
drug abuse treatment programming, the drug abuse treatment staff shall
determine the inmates eligibility for the program. Drug Abuse Treatment
Staff Shall: (1) Complete the Residential Eligibility Interview..."
P.S. § 5330.10, Chapter 2, Section 2.3.1(1997).  The defendant's on the
other hand, attempts to create an ambiguity in the program statement, by
equating the [select for admission determination] set forth in Chapter 5,pages 3-4,
Section 5.4.1(4) as that of a eligibility determination, when both procedures
are separate and distinct.See Def. Mem. at 9 - 11.  Because the plain language
in section 2.3.1 is clear that it involves eligiblity determinations and such
determinations does not have a 36 month time requirement. See Id; See also
Plaintiiff's Response to Defendants Motion to Dismiss at 11-14.

RELIEF SOUGHT

Plaintiff is seeking the following relief:

1).  For the Court to construe Plaintiff's Motion to Amend Administrative Complaint liberally in accordance with Supreme Court case Haines v. Kerner, 404 U.S. 519, 520-21 (1972); and,

2). An order from the Court declaring the B.O.P.'s rule (in Chapter 6, section 6.1.(4) of P.S. § 5330.10), which interprets the term "Residential substance abuse treatment" as meaning only treatment in a Federal Prison, INVALID and a violation of the plain language of 18 U.S.C. § 3621(b) and (e); and,

3). An order from the Court declaring the B.O.P.'s rule, see id., which does not credit completion of substance abuse treatment(that matches the treatment set by Congress in 18 U.S.C. § 3621(e)(5)(A)) by prisoners in Federal Contract Facilities, for the purposes of the incentive programs under § 3621(e)(2)(B), INVALID and a violation of the plain language of 18 U.S.C. § 3621(b)(that there shall be no favortism given to prisoners); and,

4). An order from the Court declaring that statute 18 U.S.C.

§ 3621(b) and (e)(1) mandates that the Bureau make available substance abuse treatment to prisoners in penal or correctional facilities, whether maintained by the Federal Government or otherwise; and,

5). For the Court to grant all applicable relief in Plaintiff's orginal complaint, or any further action that the Court deems appropriate and just.

**WHEREFORE**, Plaintiff prays that the Court will grant him the relief that he is respectively seeking, in an expeditious manner.

Respectfully Submitted,

Dated: November 13, 2007.

Lacy Davis, III, #17348-016
Plaintiff, Pro Se.

CERTIFICATION OF MOTION TO AMEND COMPLAINT

        I declare under the penalty of perjury that the fore-
going is true and correct, to the best of my knowledge, inform-
ation, and belief under Title 28 U.S.C. § 1746(West. Revised Ed.
2005).

Executed on  11 / 13 /2007

                                    LACY DAVIS, III,#17348-016

-12-

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served, this __13__ Day of June, 2007, by United States Mail, First Class postage, addressed to:

Federal Bureau Of Prisons
320 First Street, N.W.
Washington, D.C. 20534

Harley G. Lappin, Director
Federal Bureau of Prisons
320 First Street
Washington, D.C. 20534

United States Attorney's Office
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530

Lacy Davis, III, Pro Se

-13-